STONE, Appellant, *v.* MAYNARD, Respondent.

(No. 3,617.)

(Submitted February 16, 1916. Decided March 9, 1916.)

[156 Pac. 418.]

*Appeal and Error—Conflict in Evidence—Verdict Conclusive.*

1. Where the evidence on the question at issue was conflicting, the verdict of the jury will not be disturbed on appeal.

*Appeal from District Court, Madison County; W. A. Clark, Judge.*

Action by A. L. Stone against Elbert A. Maynard and others. From the judgment and an order denying him a new trial, plaintiff appeals. Affirmed.

*Messrs. Lew. L.* and *E. J. Callaway,* for Appellant, submitted a brief; the former argued the cause orally.

The holder of a note is presumptively the owner, and his possession is presumptive evidence of title until rebutted by the

defendant. (*Whiteford* v. *Burckmyer,* 1 Gill (Md.), 127, 39
Am. Dec. 640; Pomeroy's Code Remedies, 128 *et seq.; Palmer*
v. *Nassau Bank,* 78 Ill. 380; *New Orleans Canal & Banking Co.*
v. *Bailey,* 18 La. Ann. 676; 2 Randolph on Commercial Paper,
707; Daniel on Negotiable Instruments, 1191, 1192b; Story on
Promissory Notes, 381.) And until this presumption is over-
come, plaintiff is a *bona fide* purchaser for value, has a right
to sue, and is the real party in interest. (*Klein* v. *Buckner,* 30
La. Ann. 680; *Robertson* v. *Dunn,* 87 N. C. 191; *Hesser* v.
*Doran,* 41 Iowa, 468; *Herrick* v. *Swomley,* 56 Md. 439; *McCann*
v. *Lewis,* 9 Cal. 246.) As the defendant had no defense to the
note in the hands of a *bona fide* holder, it was of no importance
to him who owned the note at the time of the suit, provided he
be not liable to a second suit founded on the same claim.

*Mr. M. M. Duncan,* for Respondent, submitted a brief and
argued the cause orally.

Under section 5907, Revised Codes, the burden was on the
plaintiff to show that he acquired the title to the note as holder
in due course, and this, too, even though he produces testimony
tending to show or, if true, showing the facts necessary to con-
stitute him a holder in due course, and if the defendant offers
no rebuttal to such testimony, it becomes a question for the jury
and not one for the court. (*Gottstein* v. *Simmons,* 59 Wash.
178, 109 Pac. 596; *Leavitt* v. *Thurston,* 38 Utah, 351, 113 Pac.
77-79; *Union Investment Co.* v. *Rosenzweig,* 79 Wash. 112, 139
Pac. 874; *Richmond* v. *Tacoma R. & P. Co.,* 67 Wash. 444, 122
Pac. 351; *Barry* v. *Danielson,* 78 Wash. 453, 139 Pac. 223.)

MR. JUSTICE SANNER delivered the opinion of the court.

The complaint alleges that on March 11, 1911, the respondent,
Maynard, made and delivered to the defendants Grant & How-
ard his certain promissory note for $1,500, payable in six months
from its date, with interest and attorney's fees; that said note
was thereafter, and on May 5, 1911, indorsed to the appellant,
Stone; that the same has not been paid; wherefore judgment is

demanded accordingly. The answer, reply and evidence pre-
[1]  sented were such that the vital and decisive question to
be determined by the jury, and the only one submitted to them,
was whether the appellant, Stone, was the holder for value at
the time the action was begun, to-wit, on September 28, 1912.
Their finding was negative, and this, necessitating the judgment
which was entered, is challenged as contrary to the evidence, as
well as to the law given in the court's instructions.   The re-
spondent's position was that the State Bank of Dillon, and not
the appellant, had the note, and that it was held by the bank
for collection, and not as owner.   We think the conclusion of the
jury cannot be disturbed.   The appellant is president, and at
the time of the transaction involved was cashier, of the State
Bank of Dillon.   He testified in chief that he took the note as
collateral to one executed and delivered by Grant & Howard for
the balance of a pre-existing debt due to him, and the bank book-
keeper says the note does not appear on the bank records as it
should if it belonged to the bank.   Conceding the sufficiency of
this *prima facie* to establish appellant as *bona fide* holder, the
evidence elsewhere shows: That the note of Grant & Howard to
which appellant claims the note in suit was taken as collateral
runs to the State Bank of Dillon, but bears in lead pencil the
indorsement, "State Bank of Dillon 8—30." That in Septem-
ber, 1911, two notices on the regular printed form of the State
Bank of Dillon were sent to the respondent, stating, in sub-
stance, that the bank held the note in suit for collection and
demanding payment thereof.   That on September 30, 1911, a let-
ter under the caption of the bank was sent to the respondent,
signed "A. L. Stone, Cashier," wherein it is said: "We have
had no response to our notices.  *  *  *  We will place this
note in the hands of an attorney.  *  *  *  We trust that you
will promptly remit us," *etc.*   That on October 7, 1911, there
was sent to the respondent by Edmond J. Callaway, counsel
of record for this appellant, a letter to the effect that the State
Bank of Dillon had placed said note in his hands.   That on
February 2, 1912, a letter under the caption of the bank was

sent to the respondent, signed "A. L. Stone, Cashier," wherein it is said: "We have been waiting for you to make remittance. * * * We have not, however, had even a letter. * * * The company have sent us on your certificate of stock. * * * We trust you will pay," *etc.* That on February 9, 1912, the State Bank of Dillon brought suit on this note, the complaint alleging its corporate capacity and its ownership of the note in virtue of a sale and assignment to it by Grant & Howard on May 5, 1911, and being verified by the oath of the appellant as its cashier. That, respondent having, through his attorney, M. M. Duncan, caused a notice to be served upon Mr. Callaway, as attorney for the bank, of a demand for an inspection of its books and papers relative to said transaction, Mr. Callaway on April 23, 1912, wrote to Mr. Duncan waiving all objections to such inspection, but suggesting the futility of it, "as this was a 'side transaction.' Guess you know they do it occasionally. * * * The matters do not themselves appear on the 'bank records' so called." That thereafter the bank's action was dismissed, and this suit was begun. That in the original complaint in this suit, which is verified by the appellant, it is alleged that Grant & Howard, on May 5, 1911, for a valuable consideration, sold and transferred this note to him, and he has ever since been the owner and holder thereof, but in the amended complaint in this action these allegations are omitted, their place being taken by the simple averment of an indorsement. It is quite true that explanations are offered for these inconsistencies, but the jury were not obliged to credit the explanations, and, if they did not, the evidence of appellant's *status* as a *bona fide* holder was in conflict. That conflict the jury could resolve either way, and, resolving it as they did against the appellant, he could not prevail.

An examination of the instructions discloses no merit in the contention that the verdict is against law.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.